UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACE HUGH ERIKSON,

    Plaintiff,

        v.                         CAUSE NO. 3:23-CV-440-DRL-MGG

JOHN GALIPEAU and JASON
ENGLISH,

    Defendants.

OPINION AND ORDER

Jace Hugh Erikson, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 complaining about the food safety practices at Westville Correctional Facility. ECF 1. He alleges that the food is not maintained at a safe temperature in the interval between when it is prepared and when it is finally served to the inmates. As a result, he says he contracted food poisoning once.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, however, the information in Mr. Erikson's complaint establishes that he filed suit without first exhausting his

administrative remedies within the prison. It is frivolous to file suit before administrative remedies have been exhausted, so this case must be dismissed.

In the complaint, which Mr. Erikson signed under penalty of perjury, he admitted that he did not file a grievance about the food safety issues he complains about. He says that he "spoke to the captain and warden in regards to this issue," but he did not file a formal grievance because "DOC grievances cannot be filed on outside contractors." ECF 1 at 2-3.

Mr. Erikson's belief that he cannot file a grievance on outside contractors is not true. The plain language of the Indiana Department of Correction's grievance policy directly contradicts that belief. *See* Ind. Dep't of Corr. Policy & Admin. Proc., *Offender Grievance Process*, No. 00-02-301 (eff. Sept. 1, 2020), available at https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process. That policy lays out what can be grieved:

> A. Matters Appropriate to the Offender Grievance Process:
>
> Examples of issues which an offender may initiate the grievance process include, but are not limited to:
>
> 1. The substance and requirements of policies, procedures, and rules of the Department or facility (including, but not limited to, correspondence, staff treatment, medical or mental health, some visitation, and **food service**);
>
> 2. The manner in which staff members interpret and apply the policies, procedures, and/or rules of the Department or of the facility.
>
> 3. Actions of individual staff, **contractors**, or volunteers;
>
> 4. Acts of reprisal for using the Offender Grievance Process;
>
> 5. Any other concerns relating to conditions of care or supervision within the Department, **or its contractors**, except as noted in this policy and administrative procedure; and,
>
> 6. Prison Rape Elimination Act (PREA).

*Id.* at 3 (emphasis added). When looking at the matters inappropriate to the Offender Grievance Process, the policy lists, among other things, "Any matter over which the Department has no control, such as the actions of persons outside the Department who are **not operating under contract** with the Department." *Id.* at 4. This exception would not apply to the actions of defendant Jason English, an employee of Aramark, which is under contract to provide food service.

In the Prison Litigation Reform Act, Congress mandated that prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is designed to provide the prison with notice of a problem and give them an opportunity to fix it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Exhaustion is required even if the prisoner believes the grievance process will not work for him. "[T]here is no futility exception to the PLRA's exhaustion requirement." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see also Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (holding that exhaustion is necessary even "if the prisoner believes that exhaustion is futile. The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." (citations and quotation marks omitted)). Mr. Erikson's mistaken belief that contractors cannot be grieved does not excuse his decision not to file a grievance.

The law takes a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022,

3

1025 (7th Cir. 2002). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotation marks omitted). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The complaint here shows that Mr. Erikson did not exhaust his administrative remedies before he filed suit, so this case must be dismissed. *See Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, 1 (7th Cir. Sept. 6, 2022) (unpublished) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

Accordingly, the case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) because it is frivolous to sue before exhausting administrative remedies.

SO ORDERED.

May 25, 2023                                                                 *s/ Damon R. Leichty*
                                                                             Judge, United States District Court

4